SO ORDERED.

SIGNED this 22 day of February, 2021.

*Stephani W. Humrickhouse*

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

---

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 19-05730-5-SWH |
| **CHRISTOPHER S. HARRISON**<br>  Debtor. | CHAPTER 11 |

---

| | |
|---|---|
| **HOLMES P. HARDEN, TRUSTEE**<br>  Plaintiff | ADVERSARY PROCEEDING<br>NO. 20-00113-5-SWH |
| **v.** | |
| **BRANDY HARRISON and**<br>**CHRISTOPHER S. HARRISON**<br>  Defendants. | |

### ORDER GRANTING MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

The matter before the court is the Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Motion to Dismiss") filed by Defendant Christopher S. Harrison (the "debtor") on December 2, 2020. Dkt. 17. The debtor filed supporting memorandum of law contemporaneously with the motion. Dkt. 18. An Amended Motion to Dismiss was filed later that day. Dkt. 19. Defendant Brandy Harrison ("Mrs. Harrison") filed a response in support of the Motion to Dismiss on

December 7, 2020. Dkt. 23. Plaintiff Holmes P. Harden, the chapter 7 trustee, filed a memorandum of law in opposition to the Motion to Dismiss on December 23, 2020. Dkt. 28. The debtor filed a reply on January 7, 2021, Dkt. 29, and Mrs. Harrison filed a response to the debtor's reply on January 11, 2021, Dkt. 30. A hearing was held on January 14, 2021 by video conference. At the conclusion of the hearing, the court took the matter under advisement.

## BACKGROUND

The debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 13, 2019, which was later converted to a case under chapter 7 of the Bankruptcy Code on September 22, 2020.[1] On Schedules A/B, the debtor listed an interest in a Guardian Whole life insurance policy (policy no. 6449446) with a cash value at the petition date of $814,917 (the "Life Insurance Policy"). Mrs. Harrison, the debtor's wife, was listed as the beneficiary on the Life Insurance Policy on the petition date. On Schedule C, the debtor claimed as exempt the $814,917 cash value of the policy pursuant to N.C. Gen. Stat. § 1C-1601(a)(6) and N.C. Const. Art. X § 5.[2]

This adversary proceeding was filed by the trustee on September 2, 2020 seeking to avoid the transfer of the beneficial interest in the Life Insurance Policy. The trustee alleges that on September 23, 2019 Mouzon Bass III ("Mr. Bass") caused Ebenconcepts, Inc. ("Ebenconcepts"),

---

[1] Holmes P. Harden was appointed as the chapter 11 trustee on June 24, 2020. Dkt. 219. The case was converted to a case under chapter 7 of the Bankruptcy Code by consent order entered on September 22, 2020. Dkt. 325. By that same consent order, Holmes P. Harden was appointed as the chapter 7 trustee.

[2] Article X, Section 5 of the Constitution of North Carolina, incorporated into the North Carolina exemption statute by N.C. Gen. Stat. § 1C-1601(a)(6), provides that

> A person may insure his or her own life for the sole use and benefit of his or her spouse or children or both, and upon his or her death the proceeds from the insurance shall be paid to or for the benefit of the spouse or children or both, or to a guardian, free from all claims of the representatives or creditors of the insured or his or her estate. Any insurance policy which insures the life of a person for the sole use and benefit of that person's spouse or children or both shall not be subject to the claims of creditors of the insured during his or her lifetime, whether or not the policy reserves to the insured during his or her lifetime any or all rights provided for by the policy and whether or not the policy proceeds are payable to the estate of the insured in the event the beneficiary or beneficiaries predecease the insured.

the debtor's former employer, to assign the debtor the Life Insurance Policy as part of the consideration for Mr. Bass receiving shares in Ebenconcepts. At the time of the assignment, Ebenconcepts was the named beneficiary of the Life Insurance Policy. Under the terms of the Life Insurance Policy, the debtor, as assignee, had the right to change the beneficiary designation. Sometime between the assignment of the Life Insurance Policy on September 23, 2019 and the filing of the bankruptcy petition on December 13, 2019, the debtor changed the beneficiary on the Life Insurance Policy to Mrs. Harrison.

The trustee asserts two claims for relief: (1) avoidance of transfer pursuant to 11 U.S.C. §§ 548 and 550, and (2) avoidance of transfer pursuant to 11 U.S.C. § 544 and N.C. Gen. Stat. § 39-23.4(a)(1)-(2), -23.5(a). The debtor filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting that the complaint should be dismissed for failure to state a claim upon which relief can be granted. The defendants contend that when the debtor changed the beneficiary on the Life Insurance Policy, there was no transfer of an interest in property of the debtor that could be avoided under either bankruptcy or state law. For the reasons explained below, this adversary proceeding will be dismissed.

## DISCUSSION

### I.    Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), as made applicable to adversary proceedings through Federal Bankruptcy Rule 7012, a defendant may move to dismiss a case for failure to state a claim upon which relief may be granted. A complaint must contain an assertion of facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint."

*Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion should be granted if, "after accepting all well-plead allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Id.* at 244.

## II.   Claim One: Avoidance of Transfer pursuant to 11 U.S.C. §§ 548 and 550

The principal issue before the court is whether the change in beneficiary designation constituted a transfer of an interest of the debtor in property.

Section 548 of the Bankruptcy Code permits a trustee to "avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor" that was made or incurred within 2 years prior to the petition date if the debtor

> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
> (B)
>> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>> (ii)
>>> (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>>> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
>>> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
>>> (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1). The Bankruptcy Code defines "transfer" as "each mode . . . of disposing of or parting with – (i) property; or (ii) an interest in property." 11 U.S.C. § 101(54)(D); *Ivey v. First Citizens Bank & Trust Co. (In re Whitley)*, 828 F.3d 205, 208 (4th Cir. 2017).

Section 548 not only requires a "transfer, but a "transfer of an interest of the debtor in property." *Ivey v. First Citizens Bank & Trust Co.*, 539 B.R. 77, 83 (M.D.N.C. 2015), *aff'd*, 828 F.3d 205 (4th Cir. 2017). Construing these phrases together illuminates that a transfer alone is not necessarily fraudulent if it was not a transfer of the debtor's property. *Id.* Thus, a transfer is not subject to avoidance "if it did not or could not diminish the estate." *Id.* Although the Fourth Circuit does not require actual harm to establish a fraudulent transfer, "the actual or potential effect of a transfer is relevant." *Id.* at 85 (discussing *Tavenner v. Smoot*, 257 F.3d 401 (4th Cir. 2001)).

The phrase "an interest of the debtor in property" is generally held to be the equivalent of "property of the estate." 5 Collier on Bankruptcy P. 548.03[2][a] (Richard Levin & Henry J. Sommer eds., 16th ed. 2020) (citing *Beiger v. IRS*, 496 U.S. 53, 58 (1990) (finding that "property of the debtor" is best understood as "property that would have been part of the estate had it not been transferred before the commencement of the bankruptcy proceedings")). Property of the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States,* 440 U.S. 48, 55 (1979).

Assets become property of the estate upon commencement of the case, and "exemptions represent the debtor's attempt to reclaim those assets." *Reeves v. Callaway*, 546 Fed. App'x. 235, 240 (4th Cir. 2013) (discussing *Schwab v. Reilly*, 560 U.S. 770, 785 (2010)). Under this system

5

where property is not exempt until a debtor claims an exemption in it, "creditors *can* be harmed by transfers of potentially exempt property because it is not a foregone conclusion that such property will be exempt from the estate." *Tavenner*, 257 F.3d at 407.

In their respective attempts to persuade the court, the parties either cite to or attempt to distinguish the case of *Russell v. Owen*, 165 S.E. 687 (N.C. 1932). In that case, the North Carolina Supreme Court held that the beneficiary of a life insurance policy acquires a vested interest from the time the insurance takes effect, if the contract contains no reservation of the right to change the beneficiary, assign the policy, or divert the proceeds. *Id.* at 688. However, when the right of a beneficiary is subject to be changed under the terms of the contract, "the interest of the beneficiary is not property but a mere expectancy which cannot ripen into a vested interest before the death of the insured." *Id.* at 689.  Under the terms of the Life Insurance Policy, the debtor retains the right to change the beneficiary designation. Thus, in accordance with *Russell v. Owen*, until after the death of the debtor, the beneficiary does not have a property right, but only a mere expectancy. *See also Mackenzie v. Badillo (In re Meza)*, 465 B.R. 152, 156 (Bankr. D. Ariz. 2012) (holding that the beneficiary's interest was a mere expectancy under Arizona law and not a sufficient bundle of rights to constitute a property interest).

However, the court believes the parties miss the mark with their referrals to the *Russell* case, because the precise question here is not whether the beneficiary has a property right, but instead whether the debtor had an interest in property which was transferred. The focus should be not on what Mrs. Harrison may now have, but on what the debtor may have transferred prepetition. The owner of an unmatured life insurance contract acquires the rights granted in the contract. *See Wallace v. Crawford (In re Meyers)*, 483 B.R. 89, 96 (Bankr. W.D.N.C. 2012) (citing *Fidelity Bankers Life Ins. Co. v. Dortch*, 348 S.E.2d 794 (N.C. 1986)). One of the powers granted to an

owner of an unmatured life insurance contract is the power to change the beneficiaries. *Id.* When the debtor changed the beneficiary designation under the Life Insurance Policy from Ebenconcepts to Mrs. Harrison, he exercised that power. On the petition date, the debtor's interest in the Life Insurance Policy, including the debtor's right to change the beneficiary, became property of the bankruptcy estate under § 541, potentially subject to an exemption. *See id.* at 98-99.

Notwithstanding the debtor's exercise of his right to change the beneficiary within 90 days prior to the petition date, neither the ownership of the Life Insurance Policy nor the *right* under the policy to change the beneficiary designation was transferred. *See In re Singletary*, No. 08-00123-8-ATS, 2008 Bankr. LEXIS 1892, at *5 (Bankr. E.D.N.C. June 13, 2008) (finding that the right to designate the beneficiary was not transferred). The fact that the beneficiary designation changed, does not mean that the *right* to designate the beneficiary was transferred. As exemplified by the chart below, the debtor retains the same ownership of the Life Insurance Policy, and rights thereunder, on the petition date as he did on the date of the assignment of the Life Insurance Policy to him. See Chart.[3] If in order for a transfer of property to have occurred, the estate must have been depleted by the occurrence, there was no such transfer here because the bankruptcy estate was not diminished by the debtor changing the beneficiary designation.

---

[3]

| Date | Debtor's Property |
|---|---|
| On September 23, 2019, the Life Insurance Policy is assigned to the debtor. | The debtor owns the Life Insurance Policy which includes the right to designate beneficiaries and the right to the cash surrender value of the policy. |
| Between September 23, 2019 and December 13, 2019, the beneficiary designation is changed. | The debtor owns the Life Insurance Policy which includes the right to designate beneficiaries and the right to the cash surrender value of the policy. |
| On December 13, 2019, the debtor files the bankruptcy petition. | The debtor owns the Life Insurance Policy which includes the right to designate beneficiaries and the right to the cash surrender value of the policy, and thus the policy and all rights thereunder became property of the estate, subject to exemption. |

The trustee argues that the holding in *Russell v. Owen* necessarily implies that until the beneficial interest in the life insurance policy becomes fixed, the beneficial interest is property of the debtor's estate. The beneficial interest in a life insurance cannot belong to the owner. The owner gets to designate another party as the beneficiary (or his decedent estate, if he wishes), but does not become the owner of that beneficial interest. *See Wallace*, 483 B.R. at 103 (finding that the owner of a life insurance policy can name his estate as the beneficiary). Changing the beneficiary does not transfer what is owned which is the right to change the beneficiary; the debtor still has that right. Instead, the death of the debtor would be the event that causes the beneficial interest to vest in the named beneficiary (which can be the owner's decedent estate).

The trustee also asserts in his brief that Ebenconcepts "possessed a *right* to the Debtor's beneficial interest, albeit a revocable and contingent one" that the debtor transferred to Mrs. Harrison. Trustee's Mem. 4, Dkt. 28 (emphasis added). The first flaw in this reasoning is that if such a right or interest existed, it would be Ebenconcepts' right, not the debtor's right, and thus its transfer would not be a transfer of the debtor's property. The greater flaw with that assertion is that no such property "right" to the beneficial interest exists for the benefit of Ebenconcepts at all under North Carolina law. *See Russell*, 165 S.E. at 688.

The trustee's articulation of the exact interest of the debtor in property he maintains has been transferred is, at best, vague. Perhaps that is because the trustee has conflated the concept of what constitutes property of the estate with what property may be exempted from the estate. What the trustee truly objects to is the transformation of the Life Insurance Policy from an asset which could not have been exempted to one in which the debtor could claim an exemption.[4] While the

---

[4] N.C. Gen. Stat. § 1C-1601(a)(6) and Article X, Section 5 of the Constitution of North Carolina allow the debtor to claim an exemption in a life insurance policy that is for the sole use and benefit of his spouse or children. The debtor could not claim this exemption if Ebenconcepts was the named beneficiary on the petition date.

change of the beneficiary designation may have had the effect of allowing the debtor to claim an exemption in the Life Insurance Policy, there was no transfer of an interest in property. *See Singletary*, 2008 Bankr. LEXIS 1892, at *6.

It is premature for the court to determine the propriety of the debtor's claim of exemption in the Life Insurance Policy. On the petition date, the Life Insurance Policy was property of the estate, subject to exemption. Once an objection to exemption is filed, the property remains subject to administration pending resolution of the exemption dispute. The exemption issue is before the court and will be determined in a later hearing.[5] The propriety of changing the qualities and characteristics of property just prior to filing a bankruptcy petition is the subject of an objection to exemption and many reported decisions exist for guidance. The court anticipates it will be given that guidance at the hearing on the objection to exemption.

Therefore, the court finds that the complaint fails to state a plausible claim of relief under 11 U.S.C. § 548. The debtor failed to allege facts that support that an interest of the debtor in property was transferred.

---

[5] Objections to Schedule C Exemptions were filed on February 2, 2020 and March 5, 2020 in the main bankruptcy case. Dkt. 84, 102. The basis for the objection to the claim of exemption in the cash value of the Life Insurance Policy was that the change of beneficiary within 90 days of the petition date may be avoidable as a fraudulent transfer. A consent order on the objections to exemptions was entered on September 21, 2020 which denied the objections on a preliminary, provisional basis, subject to certain conditions, one of those conditions being the resolution of this adversary proceeding. Dkt. 322. The consent order was later modified by order dated December 15, 2020. Dkt. 436.

### III.    Claim Two: Avoidance of Transfer pursuant to 11 U.S.C. § 544 and N.C. Gen. Stat. § 39-23.4(a), -23.5(a)

The trustee contends that the definition of "transfer" under the North Carolina Uniform Voidable Transfers Act ("NCUVTA") is broader than that under 11 U.S.C. § 548 such that a transfer may be voidable under NCUVTA regardless of whether the transfer is of an interest of the debtor in property or not. Simply put, the trustee's argument fails to acknowledge that the NCUVTA defines "asset" as "property of the debtor."

Section 544 of the Bankruptcy Code allows a trustee to avoid "any transfer of an interest of the debtor in property" that is voidable under applicable state law. 11 U.S.C. § 544(b)(1). The NCUVTA provides that "[a] transfer made or obligation incurred by a debtor is voidable" as to a present or future creditor if the debtor made the transfer or incurred the obligation:

> (1) With intent to hinder, delay, or defraud any creditor of the debtor; or
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>> a. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>> b. Intended to incur, or believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

N.C. Gen. Stat. § 39-23.4(a). As to a present creditor,

> [a] transfer made or obligation incurred by a debtor is voidable . . . if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

N.C. Gen. Stat. § 39-23.5(a).

The NCUVTA defines "transfer" as "[e]very mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an

asset and includes payment of money, release, lease, license, and creation of a lien or other encumbrance." N.C. Gen. Stat. § 39-23.1(12). "Asset" is further defined by the NCUVTA as

> [p]roperty of a debtor, but the term does not include any of the following:
> a. Property to the extent it is encumbered by a valid lien.
> b. Property to the extent it is generally exempt under nonbankruptcy law.[6]
> c. An interest in property held in tenancy by the entireties to the extent it is not subject to process by a creditor holding a claim against only one tenant.

N.C. Gen. Stat. § 39-23-1(2). The NCUVTA also includes a broad definition of "property" as "anything that may be the subject of ownership." N.C. Gen. Stat. § 39-23-1(10).

The plain language of § 544 and the NCUVTA make it clear that only transfers of an interest of the debtor in property are avoidable. A "transfer" is defined as disposing of an asset or an interest in an asset. An "asset" is further defined as "property of the debtor." As the court previously explained in regard to the § 548 claim, an interest of the debtor in property was not transferred here.[7] The court finds that complaint fails to state a plausible claim for relief under § 544 and the NCUVTA.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that the Motion to Dismiss is **GRANTED**, and this adversary proceeding shall be **DISMISSED**. After the appeal time of this order has expired, the adversary proceeding may be closed.

## END OF DOCUMENT

---

[6] As has been previously discussed, *infra*, no determination has been made regarding the propriety of the debtor's exemption of the Life Insurance Policy, and in light of the pending objections to the exemption, it cannot be said that the Life Insurance Policy is "generally exempt."

[7] The trustee cited to cases from other jurisdictions which held that a change in beneficiary of an insurance policy can be subject to a fraudulent conveyance action. *See Federal Kemper Life Assurance Co. v. Wolensky's L.P. (In re Wolensky's Ltd. P'ship)*, 163 B.R. 615 (Bankr. D.C. 1993); *In re John Hatton Inc.*, 104 B.R. 705 (Bankr. W.D. Pa. 1989); *Headen v. Miller*, 141 Cal. App. 3d 169 (1983). The court believes these cases to be distinguishable or chooses not to follow them and instead embraces the concept that no transfer takes place when only a beneficiary designation is changed. *See Singletary*, 2008 Bankr. LEXIS 1892.